## IN THE UNITED STATES DISTRICT COURT
## FOR SOUTHERN DISTICT OF TEXAS

The Estate of
ANNE MORELAND:
WILLIAM NIBLO
      Plaintiff's

V.

**Defendant Waller County, Texas**
**Defendant CORBETT DUHON III his heirs and**
  **Successors, Individually And in his official capacity**
**Defendant JOHN A. AMSLER his heirs and Successors,l**
Individually and in his official capacity
**Defendant RUSSEL KLECKA his heirs and Successors**
,individually and in his official capacity
**Defendant JERON BARNETT**
**his heirs and Successors,**Individually And in his
official capacity
**Defendant JUSTIN BECKINDORFF his heirs and**
  **Successors,** Individually and in his official capacity
**Defendant ELTON MATHIS his heirs and**
**Successors,** individually and in his official capacity      CIVIL ACTION
as the Waller County District Attorney
**Defendant ELIZABETH DORSEY**      **Civil Rights**
**his heirs and Successors,**individually And in her
  official capacity as the Waller County Assistant
  District Attorney
**Defendant TONYA MEWIS his heirs and**
  **Successors,** individually And in her official capacity
  as the Director of the Waller County Department of the
Environment.
**Defendant GLENN SMTH   his heirs and**
**Successors,**individually   And in his official capacity
as the Sheriff of Waller County
**Defendant JOHN DOE DEPUTY 1,**
**his heirs and Successors,**Individually And in his official
Capacity as a sworn police Officer of Waller County
**Defendant JOHN DOE DEPUTY 2,**
  **his heirs and Successors,**Individually And in his official
  capacity
**Defendant JOHN DOE DEPUTY 3**
**his heirs and Successors,**individually And in his official
capacity
**Defendant JOHN DOE DEPUTY 4,**

**his heirs and Successors,**individually And in his
official capacity
**Defendant   WALLER COUNTY PAINT**
**AND BODY SHOP, James and Misty Lauder**
**his heirs and Successors,** Individually and in their
official capacity
**JOHN DOE ASSOCIATES, his heirs and**
  **Successors,**Individually and in their official capacity
            et. al Defendant(s)


## PLAINTIFF'S CIVIL RIGHTS ACTION UNDER 24 U.S.C. 1983

*"The right of the people to be secure in their person and Possessions is a*
*fundamental constitutional right which can only be legitimized if the property is taken*
*after providing "due process" protections afforded by law."*   U.S.C.A 14


Nonetheless, Defendant's Waller County, Texas, The County Commissioners
Court   (collectively), County Court Judge Carbett "Trey" J. Duhan III, Waller
County District Attorney Elton Mathis, his Deputy Elizabeth Dorsey, Waller County
Department of the Environment Director Tonya Mewis, Waller County Sheriff Glenn
Smith, (Four unidentified Waller County Deputy Sheriff's), and James and Misty
Lauder, (Waller County Paint and Body Shop) and numerous John Doe Associates of
the parties, have once again chosen to engage in a pattern of Civil rights violations.

This is a civil rights complaint for declaratory, injunctive and other appropriate
relief brought by the Plaintiff on behalf of the estate of Anne Moreland, a United
States Citizen and Resident of Houston, Texas and William Niblo, a United States
Citizen, and a Citizen of the State of Texas, appearing pro se

**I.**
### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. 1331 and 1343(3)
and (4). The matter in controversy arise under 42 U.S.C Sec. 1983. 1986, and 1986.

2.Venue properly lies in this District pursuant U.S.C. Section 1391(b)(2) because
the events giving rise to this cause of action occurred in Waller County, Texas, which
is located in the Court's District of the State of Texas.

3.This is a civil rights complaint for declaratory, injunctive and other appropriate
relief brought by the Plaintiff on behalf of the estate of Anne Moreland, a United

States Citizen and Resident of Houston, Texas and William Niblo, a United States Citizen, and a Citizen of the State of Texas, appearing pro se

4. This Action concerns the completely unauthorized and illegal actions of Commissioners of Waller County, the District Attorney for Waller County, the Waller County Department of the Environments, Misty and James Lauer, The Waller County Sheriff's Office, and numerous "associates" in the seizure, taking, unlawful disposition and unlawful destruction of the property of Anne Moreland, (the Estate of Anne Moreland) and William Niblo under fraudulent pretense.

5. These actions violated the Plaintiff's civil rights under the First, fourth, fifth, sixth, Ninth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. 1983[1], 1985,[2] and 1986[3], of Federal Law

6. These actions additionally violated The Plaintiff's rights, priveledges and protection guaranteed under Texas State Constitution, the Texas Private Real Property Rights Preservation Act (Hereinafter "PRPRPA") of 2017, the mandatory, statutory requirements of the Texas Nuisance Abatement Act ("Hereinafter TAPNA"): and the Texas transportation act.


## II. THE PARTIES


### PLAINTIFF'S

7. **Daniel Brashear** This action is being pursued on Behalf of Ms. Moreland's Estate by Daniel Brashear as administrator and next friend on behalf of Mr. Niblo as the Director of the Veteran's Assistance Project.

8. **Anne Moreland** was a 44 year old legally disabled, native of Houston Texas prior to her death in March of 2018. For 40 years, Anne Moreland had been living (off and on ) and storing her belongings on the family property located on Marti Lane, in Katy Texas.

9. **William Niblo** is a 58 year old military veteran who suffers from dementia. Mr. Niblo was a legal resident of Marti Lane for over twenty years. Mr. Niblo's Alzheimers requires that he have a caretaker to help him care for his own day to needs for survival. until the combined actions of the Defendant's in destroying his house,

10. The actions of the Defendant's further illegally evicted and displaced two of Mr.. Niblo's attendant's on the property

### DEFENDANTS

11. **Defendant Waller County** is a political subdivision of the state of Texas.

12. **Defendant Waller County Commissioners Court** ("The Commisssioner's Court") is the governing body for Waller County. The five Member Commissioner's Court includes the County Judge who is elected at large, and four commissioners who are elected from four single member districts. The Commissioner's Court has authority over the County's budgetary and administrative decisions including deciding prevailing community standards.

13. **Defendant John A. Amsler** (Hereinafter "Amsler") is the precinct 1 Commissioner for Waller County, with designated legal authority to supervise the day to day operations and to establish policies for the County. He is being sued individually and in his official capacity for Ordering the illegal removal transfer, and destruction of Ms. Moreland's private property under color of and in violation Texas law and the civil rights of Anne Moreland and William Niblo.

14. **Defendant Russel Klecka** (Hereinafter "Klecka") is the Precinct 2 Commissioner for Waller County with designated legal authority to supervise the day to day operations and to establish policies for the County. He is being sued individually and in his official capacity for ordering the illegal removal transfer, and destruction of Ms. Moreland's and Mr. Niblo's private property under color of and in violation of Texas law and the civil rights of Anne Moreland and William Niblo.

15. **Defendant Jeron Barnett** (Hereinafter "Barrnett") is the Precinct 3 Commissioner of Waller County with designated legal authority to supervise the day to day operations and to establish policies for the County. He is being sued individually and in his official capacity for failure to prevent the illegal removal transfer, and destruction of Ms. Moreland's and Mr. Niblo's private property under color of and in violation Texas law and the civil rights of Anne Moreland and William Niblo.

16. **Defendant Justin Beckindorff** (Hereinafter "Beckindorff") is the 4th precinct Commissioner of Waller County, with designated legal authority to supervise the day to day operations and to establish policies for the County. He is being sued individually and in his official capacity for failing to act to prevent the illegal removal transfer, and destruction of Ms. Moreland's private property under color of and in violation Texas law and the civil rights of Anne Moreland and William Niblo.

17. **Defendant Elton Mathis** (Hereinafter "Mathis") is the District Attorney for Waller County, with designated legal authority to act for the county in all legal

actions involving the day to day operations and to establish legal policy, enforcement of these policies, and to advise the Defendants on legal issues for the County. He is being sued individually and in his official capacity, conspiring to further the illegal removal transfer, and destruction of Ms. Moreland's private property under color of and in violation of Texas law and the civil rights of Anne Moreland and William Niblo.

18. **Defendant Elizabeth Dorsey** (Hereinafter "Dorsey" )is the Assistant District Attorney for Waller County. She is being sued individually and in her official capacity for conspiring to further the illegal removal transfer, and destruction of Ms. Moreland's private property under color of and in violation of Texas law and the civil rights of Anne Moreland and William Niblo.

19.**Defendant Tonya Mewis** (Hereinafter "Mewis") is the Director of the Waller County Environmental Division. She is being sued individually and in her official capacity for official oppression, against Anne Moreland and the Estate of Anne Moreland, and William Niblo

20. Abuse of authority under color of State Law against Anne Moreland and the Estate of Anne Moreland,, the illegal removal transfer, and destruction of Ms. Moreland's private property under color of law against Anne Moreland and the Estate of Anne Moreland, in violation Texas law and the civil rights of Anne Moreland and William Niblo.

21. Abuse of authority under color of State Law against William Niblo, the illegal removal transfer, and destruction of William Niblo's private property under color of law, in violation Texas law and the civil rights of William Niblo.

22. **Defendant Glenn Smith** (Hereinafter "Smith") is the Sheriff of Waller County. Defendant Smith failed to adequately train and supervise the Officer's and subordinates and failed to act to prevent the illegal removal transfer, and destruction of Ms. Moreland's private property in violation of Texas law and the civil rights of Anne Moreland and William Niblo.

23. **Defendant John Doe Deputy 1 -4** is an unknown, sworn Deputy of the Waller County Sheriff's Office refused to act on the request of the Plaintiff to assert his duty to protect the property of Anne Moreland, arrest the agents of the Defendant's for the criminal theft and destruction of Ms. Moreland's property and for criminal trespass upon a legal request to do so.

24. **Defendants Misty and Jimmy Lauder** are the Owners of Waller County Paint and Body, are contractual Associates hired or compensated by Defendant's Elton, Dorsey, Mewis and other John Doe Defendant's in the illegal removal transfer, and destruction of Ms. Moreland's private property in violation Texas law and the civil rights of Anne Moreland and William Niblo.

**Defendant John Doe Associates,**

25. John Doe Associates, are contractual Associates hired or compensated by Defendant's Elton, Dorsey, Mewis and other John Doe Defendant's in the illegal removal transfer, and destruction of Ms. Moreland's private property in violation Texas law and the civil rights of Anne Moreland and William Niblo.

The names and locations of the John Doe Associates Defendants is currently unknown to the Plaintiff despite due diligence. Defendant's have actively thwarted discovery of their identity.

26. John Doe Associates will be incorporated into this action as soon as identified in their proper person.

**27.** All John Doe Affiliates are being sued individually and in their official capacity.

## III.  FACTS

28. On     The Commissioner's Court for Waller County, Texas conducted a hearing to determine if the property of Rozanne Kingston at 29601 Marti Lane (or Road) (Hereinafter "the property"), constituted a public nuisance and should be abated under the authority of the Texas Nuisance Abatement Law.

29.  The Court found the property to be a nuisance and ordered it abated

30. At no point did the Defendant's follow the requirements of the Texas PRPRA by drafting or submitting a Takings Impact Statement against Moreland, Niblo, Martinez, or Andy before any agent of Waller County ever set foot on the property or attempted to presented this issue to Defendant(s) Duhon, Amsler, Kleckla, Barnett, and Beckindorff

__Note__

The Statutory requirements of PRPRPA §1.13: or PRPRPA sec. 2007.043(a) mandates "a governmental entity shall prepare a written Takings Impact Statement" stating the specific purpose of the proposed action,

The purpose behind the TIA is to" ensure that information regarding the private real property implications of governmental actions are considered before decisions are made and actions taken"

and shall serve as the means of assessing the impact on private real property, rather than justifying decisions already made.

Under the Texas PRPRPA Sec §1.14. The failure of a governmental entity to promulgate a TIA when one is required will subject the governmental entity to a lawsuit to invalidate the governmental action.

__End Note__

31. Had Defendant's Mathis, Dorsey, Mewis and Roberts followed the protocols required under the Nuisance Abatement Act or the PPRPA they knew or reasosonably should have prior to or during the course of the action against Ms. Kingston, that there were other individuals living on the property or had property that might be collateral to the intended abatement proceedings against Kingston.

32. At no point did Defendant's Mathis, Dorsey, Mewis and Roberts attempt to obtain seperate and individual jurisdiction through Defendant's Commissioners Court for an individual abatement proceeding for both Moreland and Niblo.

33. Obtaining jurisdiction of the other Individuals is a mandatory requirement   under the Texas Nuisance Abatement Law and the Texas PPRPA. In fact Under Texas law, the Defendant's are prohibited from acting against Moreland and Niblo unless and until they had acquired jurisdiction over them individually and Plaintiff's had been heard by the Commissioner's Court.

34. Both Moreland and Niblo were each entitled to seperate notice, service of process, individually itemization and notification of what property of theirs "contributed" to the nuisance, in what way they were a "Nuisance", an opportunity to remedy the circumstances, and a hearing before the Commissioner's Court hearing before the Defendants acted against them and their property.

35. On November 26th, 2018 Defendant's Waller County, by and through Defendant's Roberts, Mewis, John Doe Deputies, and **Defendants Misty and Jimmy Lauder** and Defendant's Associates arrived on the property Pursuant to the Order issued by Defendant(s) Duhon, Amsler, Kleckla, Barnett, and Beckindorf against *Rozanne Kingston*, .

36. Throughout all events and at each seperate event, Defendant Mewis had two John Doe Deputy Defendant's as standby.to enforce her "authority" of the Order against Kingston.

37. John Doe Deputies acting on Mewis's request forcefully prevented William Niblo from protecting his property interests by forcefully restraining Niblo from the property.

38. When Niblo requested Defendant's John Doe Deputies to act on his behalf and enforce the law, to protect his property interest against the illegal acts, the Deputies refused going so far as to decline to take a report requested by Niblo of the crime being committed against him by Waller County.

39. Defendant's Roberts, Mewis, and John Doe Deputies summarily evicted two residents DJ Martinez and Andrew (who also served as caretaker's for the property and assisted in the care of Bill Niblo).from the property without prior notice to vacate, a lawful eviction order, or any legal notice.

40. Martinez and Andy had there property indiscriminately crushed, trashed, or disposed of by Defendant's Associates without notice or opportunity to object in violation of the Nuisance Abatement Act, and the their rights under the PPRPA.

41. The illegal eviction and ejection of Martinez and Andrew were willingly carried out at the request of Defendant's Mewis and Roberts by Defendant's John Doe Deputy's without any legal authority.

42. Defendant Mewis ordered the absconding with or destruction of numerous personal possessions of Plaintiff's Moreland and Niblo, by Defendant's Associates.

43. Defendants Mewis and Roberts illegally distribute in violation of the Texas property rights Act to Defendants Associates numerous items of personal property belonging to Plaintiff's Anne Moreland and William Niblo "for disposal" Including a vintage $350.000 tractor and trailer (containing several hundred thousand dollars of diverse property items belonging to Ms. Moreland stored therein) and her Chevy Suburban SUV,

44. Mewis, Roberts and John Doe Deputy turned these vehicles over to **Defendants Misty and Jimmy Lauder** who then forcefully dragged the vehicles off the property ,

45. Plaintiff Martinez observed the actions of **Defendants Misty and Jimmy Lauder** Associates as they broke into Ms. Moreland's trailer by cutting her locks off the doors and back of the Trailer before the vehicles were out of sight of the property.

46. Other vehicles on the property were turned over Defendant Associate (a motor vehicle demolisher) in violation of numerous statutory requirements of the Texas Transportation code regarding "abandoned" motor vehicles.

47. Ms. Moreland because of her terminal medical condition was not out on the property and was unable to object. Plaintiff Brashear contacted Defendant's Waller County Defendant's Dorsey, Mewis, and Smith and noted an objection on her behalf to these actions.

48. After the November 26th, 2018 Seizure Daniel Brashear notified Defendant Dorsey that her actions were constitutionally illegal and violative of Texas State law and was provided warning not to interfere with the property of Moreland or Niblo under the Order against Kingston.

49. Defendant Dorsey stated "Texas law allows me to it"" and Brashear responded "the Federal Constitution doesn't". Defendant Dorsey was in fact, sent an E-mail containing a copy of the Texas Law that prevented her from continuing against the property interest or Moreland and Niblo. This was ignored.

50. Defendant Dorsey was further advised that the "Court Order" being waived by Defendant Mewis did not authorize her to act against Moreland and Niblo, and Mewis should probably cease using it against Moreland and Niblo as an authorization.

51. Defendant Dorsey subsequently attempted to shift the focus from why the Defendant's should not continue their illegal and unconstitutional actions, by suggesting that Plaintiff's Moreland and Niblo provide an court order/alternative authority to stop her actions "otherwise it was going to go forward"

52. After Ms. Moreland's death in March, All Defendant's (Smith, Dorsey, and Mewis) were specifically warned not to interfere with the Estate of Ms. Moreland or to seize, tamper with, or destroy any of her property which then belonged to the Estate, or to further interfere with the property of William Niblo without a valid order to do so.

53. Defendant' Dorsey ignored this request.

54. In a series of follow up actions involving the absolute abuse of authority, Defendant Mewis vindictively directed the total leveling of the property rendering it totally uninhabitable (including bulldozing the only plumbed building on the property), knocked down all electrical poles on the property, filling in the septic system, and creating a worse health hazard than the Defendant's used a justification for the need for the abatement, as well as destroying all electrical connections to the property).

55. She ordered every vehicle remaining on the property crushed including classic vehicle to be restored, and a handicapped transport van. under the fraudulent claim of the vehicles being "abandoned"

## CAUSE OF ACTION: 1
### FAILURE TO ACQUIRE PERSONAL JURISDICTION OVER MORLAND AND NIBLO AND SUBJECT JURISDICTION FROM THE COMMISSIONER'S COURT

**U.S.C.A 14, Due Process: USCA 14 Equal Protection:: Art. 1. Sec. 19. Bill of Rights; Texas Constitution**

56. The above paragraphs are here incorporated by reference.

Defendant's Mathis, Dorsey, Roberts or Mewis deliberately and intentionally took it upon themselves in violation of Art. 1. Sec. 28. Bill Of Rights; Texas Constitution to suspend the law by failing to initiate the process to file a complaint to bring Plaintiff's Moreland, Niblo or Martinez (individually) under the jurisdiction of Defendant's Commissioner's Court and enjoin them in their own Nuisance Abatement Action and to have the hearing held before the Defendant's illegally and unconstitutionally entered and stole, damaged, disposed of and destroyed their property without due process of law to which they were entitled. as required by Texas Statute despite a legal duty to do so.

57. Personal jurisdiction is a personal right guaranteed by the 14th Amendment Due Process Clause.

58. The presumptive "Abatement Order" issued by Defendant's Duhon, Amsler, Kleckla, Barnett, and Beckindorf and relied upon as authority by Defendants Mathis, Dorsey, Mewis and Roberts was directed specifically towards Rozanne Kingston, it did not (nor legally could not) as required by the Texas abatement Act Section. 343.011 (c)(12)(1)(b) (A)(1) include Anne Moreland (the Estate of Anne Moreland) William Niblo, or DJ Martinez. Cf. TPNAA Sec. 343.025. ENFORCEMENT. A court of competent jurisdiction in the county may issue any order necessary to enforce this chapter.

59. Defendant's Mewis never had a valid order from any court of competent jurisdiction to interfere with Anne Moreland, William Niblo, DJ Martinez, or Andrew or their property or possessory interest.

**60.** No Court held a hearing or entered any factual findings or a judgement against Moreland, Niblo, or Martinez

61. This failure violated Moreland and Niblo's rights under the 14th Amendment, Art. 1. Sec. 19. Bill of Rights; Texas Constitution

## CAUSE OF ACTION II

## DUE PROCESS VIOLATION IN FAILURE TO PROVIDE STATUTORILY REQUIRED NOTICE

**U.S.C.A 14, Due Process: USCA 14 Equal Protection:**Art. 1. Sec. 19. Bill of Rights; Texas Constitution: Texas APNA: Texas PRPPA: 42 U.S.C. 1983, Texas Transportation Code, and Texas Vehicle Towing Law.

62. The above paragraphs are here incorporated by reference.

63. Defendant's Mathis, Dorsey, Roberts or Mewis deliberately and intentionally took it upon themselves to suspend in violation of Art. 1. Sec. 28. Bill Of Rights; Texas Constitution) the law requiring Moreland and Niblo be provided notice by Defendant's Waller County, Mathis, Dorsey, Roberts or Mewis of the Intent of the Defendant's to take legal action against their property interests.

_Note_

Despite the existence under Texas Law of numerous options to notify Ms. Moreland and Mr. Niblo, including 1) by service in person or by registered or certified mail, return receipt requested; or by posting on the property or publication:

(2) if personal service cannot be obtained or the address of the person to be notified is unknown, by posting a copy of the notice on the premises on which the nuisance exists and by publishing the notice in a newspaper with general circulation in the county two times within 10 consecutive days.

See also PRPRPA SEC. 2007.042 (a).

(a) A political subdivision that proposes to engage in a governmental action described in §2007.003(a)(1)-(3) that may result in a taking **shall provide at least 30 days' notice of its intent to engage in the proposed action by providing a reasonably specific description of the proposed** action in a notice published in a newspaper of general circulation published in the county in which affected private real property is located. If a newspaper of general circulation is not published in that county, the political subdivision shall publish a notice in a newspaper of general circulation located in a county adjacent to the county in which affected private real property is located.

See also Transportation Law Sec. 683.075.

NOTICE. (a) The procedures for the abatement and removal of a public nuisance under this subchapter must provide not less than 10 days' notice of the nature of the nuisance. The notice must be personally delivered, sent by certified mail with a five-day return requested, or delivered by the United States Postal Service with signature confirmation service to:

1) the last known registered owner of the nuisance;
2) each lienholder of record of the nuisance; and
3) the owner or occupant of:
A) the property on which the nuisance is located; or
B) if the nuisance is located on a public right-of-way, the property adjacent to the right-of-way.
(b) The notice must state that:

1) the nuisance must be abated and removed not later than the 10th day after the date on which the notice was personally delivered or mailed; and
2) any request for a hearing must be made before that 10-day period expires.
(c) If the post office address of the last known registered owner of the nuisance is unknown, notice may be placed on the nuisance or, if the owner is located, personally delivered.
(d) If notice is returned undelivered, action to abate the nuisance shall be continued to a date not earlier than the 11th day after the date of the return.

_End Note__

This failure violated Moreland and Niblo's rights under the 14th Amendment, Art. 1. Sec. 19. Bill of Rights; Texas Constitution, the Texas Nuisance Abatement Law, and the Texas PPPRA.

## CAUSE OF ACTION 11

### FAILURE TO PROVIDE NOTICE OF THE ACCUSATION

USCA 14, Art. 1. Sec. 28. Bill Of Rights; Texas Constitution t: ARTICLE 1. BILL OF RIGHTS; Texas Constitution Sec. 13.

71. Defendant's Mathis, Dorsey, Roberts or Mewis deliberately and intentionally took it upon themselves (in violation of Art. 1. Sec. 28. Bill Of Rights; Texas Constitution to suspend the law to provide Plaintiff's Moreland and Niblo with notice and opportunity to be heard under the Texas Nuisance Abatement Act and to standing to contest the inclusion of their seperate and personal property as part of the "alleged" nuisance

72. This failure violated Moreland and Niblo's rights under the 14th Amendment, Art. 1. Sec. 19. Bill of Rights; Texas Constitution, the Texas Nuisance Abatement Law, and the Texas PPPRA.

73. Defendant's Mathis, Dorsey, Roberts or Mewis deliberately and intentionally took it upon themselves in violation of Art. 1. Sec. 28. Bill Of Rights; Texas Constitution, the law by deliberately neglecting to provide Plaintiff's Moreland and Niblo the statutory required notice of the intent to abate each Plaintiff's individual and seperate property as required by the Texas Abatement of Public Nuisance Act 343.011 (c)(12)(1)(b) (A)(1) and PRPRPA SEC. 2007.042 (a).

74. This failure violated Moreland, Niblo's, and Martinez's rights under the 14th Amendment, Art. 1. Sec. 19. Bill of Rights; Texas Constitution, the Texas Nuisance Abatement Law, and the Texas PPPRA.

## CAUSE OF ACTION III.

## DUE PROCESS VIOLATION IN FAILURE TO PROVIDE STATUTORILY REQUIRED NOTICE TO CONTEST

USCA 14, ARTICLE 1. BILL OF RIGHTS; Texas Constitution Sec. 13.

75. The above paragraphs are here incorporated by reference.

76. Defendant's Mathis, Dorsey, Roberts, and Mewis deliberately and intentionally took it upon themselves to suspend (in violation of Art. 1. Sec. 28. Bill Of Rights; Texas Constitution) that Moreland and Niblo be advised of the right and procedure to petition for, and have their own individual hearing **before the Defendant's commenced to abate the "presumptive" nuisance.** as required under section of the Texas Nuisance Abatement Act. Sec. 343.022.(e) and as far as the seizure of the vehicles the Texas Transportation Code Article in violation of the Due Process Clause of the Federal Constitution and Texas Statutory law

_Note_

(e) Except as provided in Subsection (f). **the abatement procedures must require a hearing before the county abates the nuisance if a hearing is requested.** The hearing may be conducted before the commissioners court or any board, commission, or official designated by the commissioners court. The commissioners court may designate a board, commission, or official to conduct each hearing.

Accord Texas Transportation Code Sec. 683.076. HEARING.
(a) The governing body of the municipality or county or a board, commission, or official designated by the governing body shall conduct hearings under the procedures adopted under this subchapter.
(b) If a hearing is requested by a person for whom notice is required under Section 683.075(a)(3), the hearing shall be held not earlier than the 11th day after the date of the service of notice.
(c) <u>At the hearing, the junked motor vehicle is presumed, unless demonstrated otherwise by the owner, to be inoperable.</u>
(d) If the information is available at the location of the nuisance, a resolution or order requiring removal of the nuisance must include:
1) for a motor vehicle, the vehicle's:
A) description;
B) vehicle identification number; and
C) license plate number;
(

Sec. 683.0765. ALTERNATIVE PROCEDURE FOR ADMINISTRATIVE HEARING. A municipality by ordinance may provide for an administrative adjudication process under which an administrative penalty may be imposed for the enforcement of an ordinance adopted under this subchapter. If a municipality provides for an administrative adjudication process under this section, the municipality shall use the procedure described by Section 54.044, Local Government Code.

_End Note_

Defendant's Waller County Sheriff further failed to provide the statutorily required notice under transportation Law Sec. 683.012 a) - f) of an "abandoned vehicle" Notice either directly, by certified mail, or by publication stating the means and time frame for Ms. Moreland and Mr. Niblo to recover their vehicles.

77. The deliberate failure of the Defendant's to follow this statutory requirement deprived Ms. Moreland , her estate, Mr. Niblo and DJ Martinez of required notice of their Due process rights under Art. 1. Sec. 19. Bill of Rights; Texas Constitution to request a hearing and the time frame in which this request had to be made.

## CAUSE OF ACTION IV

## LACK OF SPECIFITY

78. The above paragraphs are here incorporated by reference.

Defendant's Mathis, Dorsey, Roberts, and Mewis deliberately and intentionally took it upon themselves to suspend (in violation of Art. 1. Sec. 28. Bill Of Rights; Texas Constitution) the law to deny Moreland, Niblo, and Martinez the statutorily required notice of the conditions as they specifically *related to Ms. Moreland and Mr. Niblo property interests that was alleged to cause or contribute to the "alleged" nuisance. Cf 343.011(c)(1);* 343.011 ( C ) (12)(1)(b)(A)(1) and PRPRPA SEC. 2007.042 (a)  and Texas Transportation Code sec. 689.012

__Note_
section 343.011(c)(12)
(b)   The abatement procedures **must require that written notice be given to:**
(2)   **the person responsible for causing a public nuisance on** the premises when:
A)   **that person is not the owner, lessee, occupant, agent, or person in charge of the premises;**
(B)   **the person responsible can be identified.**

(c)   The notice must state:

(1) **the specific condition that constitutes a nuisance; see also:**

(2)   that the person receiving notice shall abate the nuisance before the:

A)   31st day after the date on which the notice is served, if the person has not previously received a notice regarding a nuisance on the premises; or

(B)   10th business day after the date on which the notice is served, if the person has previously received a notice regarding a nuisance on the premises;

3)   that failure to abate the nuisance may result in:

(A)   abatement by the county;

(B)   assessment of costs to the person responsible for causing the nuisance when that person can be identified; and

(C)   a lien against the property on which the nuisance exists, if the person responsible for causing the nuisance has an interest in the property;

(4)   that the county may prohibit or control access to the premises to prevent a continued or future nuisance described by Section 343.011(c)(1), (6), (9), or (10); and


PRPRPA SEC. 2007.042 (a) The political subdivision shall, at a minimum, include in the notice a reasonably specific summary of the takings impact assessment that was prepared as required by this subchapter and the name of the official of the political subdivision from whom a copy of the full assessment may be obtained.

The Texas Transportation Act for abandoned vehicles further requires notification

Sec. 683.012. TAKING ABANDONED MOTOR VEHICLE INTO CUSTODY:   NOTICE.   (a) A law enforcement agency shall send notice of abandonment to:
1)   the last known registered owner of each motor vehicle, aircraft, watercraft, or outboard motor taken into custody by the agency or for which a report is received under Section 683.031; and

A)   under Chapter 501 for the motor vehicle;

Texas Transportation Code Sec. 683.012. (a)-(f) mandates

(b)   The notice under Subsection (a) must:
1)   be sent by certified mail not later than the 10th day after the date the agency:
A)   takes the abandoned motor vehicle, aircraft, watercraft, or outboard motor into custody; or
B)   receives the report under Section 683.031;
2)   specify the year, make, model, and identification number of the item;
3)   give the location of the facility where the item is being held;
4)   inform the owner and lienholder of the right to claim the item not later than the 20th day after the date of the notice on payment of:
A)   towing, preservation, and storage charges; or
B)   garagekeeper's charges and fees under Section 683.032 and, if the vehicle is a commercial motor vehicle impounded under Section 644.153(q), the delinquent administrative penalty and costs; and
(5)   state that failure of the owner or lienholder to claim the item during the period specified by Subdivision (4) is:
A)   a waiver by that person of all right, title, and interest in the item; and
B)   consent to the sale of the item at a public auction.
c)   Notice by publication in one newspaper of general circulation in the area where the motor vehicle, aircraft, watercraft, or outboard motor was abandoned is sufficient notice under this section if:
1)   the identity of the last registered owner cannot be determined;

2) the registration has no address for the owner; or
3) the determination with reasonable certainty of the identity and address of all lienholders is impossible.
(d) Notice by publication:
1) must be published in the same period that is required by Subsection (b) for notice by certified mail and contain all of the information required by that subsection; and

**Sec. 683.012.(e)   A law enforcement agency is not required to send a notice, as otherwise required by Subsection (a), if the agency has received notice from a vehicle storage facility that an application has or will be submitted to the department for the disposal of the vehicle.**

VEHICLE TOWING AND BOOTING Occupations Code
Chapter 2308 Sub. Ch. J. Sec. 2308.452. Right of Owner or Operator of Vehicle to Hearing.

The owner or operator of a vehicle that has been removed and placed in a vehicle storage facility or booted without the consent of the owner or operator of the vehicle is entitled to a hearing on whether probable cause existed for the removal and placement or booting.

Sec. 2308.453. Jurisdiction.

A hearing under this chapter shall be in any justice court in:

- (1) the county from which the motor vehicle was towed; or

_End Note_

79. This failure violated Moreland and Niblo's rights under Art. 1. Sec. 19 Bill of Rights; Texas Constitution.numerous State Laws.

## CAUSE OF ACTION

### DENIAL OF NOTICE AND OPPORTUNITY TO ABATE THE NUISANCE

83. The above paragraphs are here incorporated by reference.

84. Defendant's Mathis, Dorsey, Roberts, and Mewis deliberately and intentionally took it upon themselves to suspend (in violation of Art. 1. Sec. 28. Bill Of Rights; Texas Constitution) the law, by deliberately failing to provide the opportunity to Plaintiff's Moreland and Niblo to individually "abate" the conditions supposedly existent to their personal property required by

## CAUSE OF ACTION

### DUE PROCESS DENIAL OF   NOTICE OF RIGHT TO PETITION FOR HEARING

## CAUSE OF ACTION
## FRAUDULENT ABUSE OF PROCESS

86. Defendant Mathis, Dorsey, Roberts or Mewis throughout all times mentioned herein, willfully, deliberately. And under Texas Law, criminally engaged in an fraudulent abuse of process, abuse of authority and official oppression under color of law against Plaintiff's Moreland , Niblo and Martinez.

87. All Defendant's especially Attorneys Mathis and Dorsey, knew or reasonably should have known asserted that the "Order" against Kingston did not include Moreland and Niblo or Martinez.

88. In going forward with the process against Moreland, Niblo, and Martinez Defendant's Mathis and Dorsey committed fraudulent abuse of process to acquire jurisdiction over the person and the property of Anne Moreland,William Niblo, and DJ Martinez.

89. In going forward with the process against Moreland, Niblo, and Martinez by asserting the order included Moreland, Niblo, and Martinez when she knew or reasonably should have known this was not true, Defendant Mewis committed fraudulent abuse of process under color of law.

90. Defendant Mewis regularly "flashed" this "order" around to Waller County Deputy Sheriff's in a fraudulent abuse of process and and authority as justification to continue her illegal seizure, transfer, and destruction of the private property interests of Anne Moreland , William Niblo, and DJ Martinez

91. Defendant Mewis presented this fraudulent order to Defendant's John Doe Deputy to prevent him from enforcing Mr. Niblo's valid complaint,

92. And, To prevent the Deputy's from acting on the criminal complaint of Daniel Brashear on behalf of Anne Moreland and her estate,

93. This failure violated Moreland and Niblo's rights under Art. 1. Sec. 19. Bill of Rights; Texas Constitution

## CAUSE OF ACTION

**CONSPIRACY, AND FAILURE TO PREVENT CONSPIRACY TO DEPRIVE FEDERALLY PROTECTED RIGHTS OF ANNE MORELAND, THE ESTATE OF ANNE MORELAND AND WILLIAM NIBLO**

USCA 14:    (42 USC § 1983. 1985. and 1986)

94. The above paragraphs are here incorporated by reference.

95. All Defendant's conspired with each other to violate Anne Moreland's and William Niblo's Civil rights in the manner described below.

96. All Defendant's actively colluded and conspired to under 42 U.S.C 1985 to Deny Anne Moreland and the Estate of Anne Moreland, and William Niblo of their individual federal, State, and Statutory right to due process of law and are liable to Ms. Moreland and Mr. Niblo.

97. All Defendant's actively colluded and conspired to deny Anne Moreland , the Estate of Anne Moreland, and William Niblo of their individual federal, State, and Statutory right to equal protection of the law.

98. The Defendant's chose to convert the abatement process as a criminal action instead of a civil action, this classification denied all of Ms. Moreland and Mr. Niblo's rights under the Federal Constitution, the Texas Constitution, and the Texas Bill of Rights. Art. 1 Sec. 10 including the right to trial by jury, the right to be heard by himself or counsel, or both under Art. 1 Sec. 10, the right to confront the witnesses against them under Art. 1 Sec. 10 and the right to be provided   Art 1. Bill of Rights; " "the right to demand the nature and cause of the accusation against him, and to have a copy thereof."

99. All Defendant's actively colluded and conspired under 42 U.S.C. 1985 to confiscate or destroy all of Ms. Moreland, Ms. Moreland's Estate's, William Niblo, and DJ Martinez's property and personal effects under the pretense of State law.

100. All Defendant's actively colluded and conspired to circumvent and Deprive Anne Moreland, the Estate of Anne Moreland, William Niblo and DJ Martinez of their Statutory rights and protections under the Texas Abatement of Public Nuisance Law and are liable to the Plaintiff(s).

101. All Defendant's actively colluded and conspired to Deprive Anne Moreland, the Estate of Anne Moreland, and William Niblo their Statutory rights under the Texas Private Property Protection Act and are liable to Ms. Moreland and Mr. Niblo.

\_\_Note\_\_

PRPRPA's purpose is to ensure that certain governmental entities take a "hard look" at their actions on private real property rights, and that those entities act according to the letter and spirit of the Act;   PRPRPA is, in short, another instrument to ensure open and responsible government.

**\_\_End Note\_\_**

85. Defendant's Mathis, Dorsey, Roberts or Mewis deliberately and intentionally engaged in a conspiracy under 42 U.S.C. 1985 to deprive Plaintiff's Moreland and Niblo of their statutory and Due Process right to a hearing before acting to "abate" the "alleged" nuisance. As mandated by   of the TAPNA

102. Defendant's Mathis, Dorsey, Roberts or Mewis deliberately and intentionally engaged in a conspiracy to deprive Plaintiff's Moreland and Niblo of their right to notification.

103. All Defendant's actively colluded and conspired to deny Plaintiff Niblo and Moreland the opportunity to petition for a hearing. .

104. Defendant's, Mathis, Dorsey, Mewis, Roberts, and conspired to circumvent legal process to illegally and unconstitutionally prosecute Anne Moreland under the pretense of State law. Defendant Mathis is liable to Ms. Moreland.

105. All Defendant's actively colluded and conspired under 42 U.S.C. 1985 to confiscate or destroy all of Ms. Moreland and Ms. Moreland's Estate's property and personal effects under the pretense of State law.

106. Defendant's Mathis, Dorsey, Mewis, Roberts, John Doe Police Officers conspired to force Plaintiff's Niblo and Martinez eviction from the safety, security, and shelter inherent in their homes and personal property,

107. Defendant's Mathis, Dorsey, Mewis, Roberts, and John Doe Police Officers took action in furtherance of this agreement by conspiring to protect the Defendant as they seized and destroyed the personal property of the Plaintiff's under color of law and without due process of law,

108. Defendant's John Doe Deputies in conspiracy under 42 U.S.C. 1986 with Defendant's Mathis, Dorsey, Mewis, and Roberts, and acted under color of law and invalid process acted to physically restrain Plaintiff's Moreland and

Niblo from lawful right of access to the property, enforcing the illegal order against Moreland and Niblo.

__Note_
Sec. 343.013. (d)   In granting relief under Subsection (c), the court:
  (2)   may not prohibit the owner of the premises from accessing the property but may prohibit a continued or future violation.

__End Note__

109. Defendant's Waller County conspired to illegally convert the property of Anne Moreland to Defendant Associates for Defendant Associates personal financial gain.

110. Further defendants made an agreement to attempt to cover up the illegal actions and conduct towards Anne Moreland William Niblo, and DJ Martinez by failing to report or make a record of their conduct and actions involving Anne Moreland, William Niblo, and DJ Martinez.

111. Defendant colluded with each other Defendant's, Mathis, Dorsey, Mewis, Roberts, and Associates, conspired under 42 U.S.C. 1985 to deprive Mr. Niblo of notice of Intent to act against her property interest under the pretense of State law. All Defendant(s) are liable to Ms. Moreland and Mr. Niblo.

112. This failure violated Moreland and Niblo's rights under Art. 1. Sec. 19. Bill of Rights; Texas Constitution,

113.  Defendant's, Mathis Dorsey, Mewis, Roberts, and conspired under 42 U.S.C. 1985 to deny Plaintiff Moreland the opportunity to "abate" the conditions alleged

114. Defendant's Mathis, Dorsey, Mewis, Roberts, and Associates, and conspired to confiscated or destroy all of Ms Moreland's and Mr. Niblo's property and personal effects under the pretense of State law. .

115. Defendant's Mathis Dorsey, Mewis, Roberts, and Associates, conspired under 42 U.S.C. 1985 to unlawfully appropriate and convert all of Ms Moreland's and Mr. Niblo's property and personal effects under the pretense of State law.

116. Defendant Associates colluded with Defendant's, Dorsey, Mewis, Roberts, and conspired to confiscated or destroy all of Mr. Niblo's property and personal effects under the pretense of State law.

117. Plaintiff was injured as a result of defendants' conspiracy and all Defendant's are individually liable to Plaintiff(s).

## CAUSE OF ACTION

### INTENTIONAL INFLICTION OF MENTAL DISTRESS ON ANNE MORELAND

118. The above paragraphs are here incorporated by reference

119. The combined actions of all Defendant's caused the intentional infliction of mental Distress upon Anne Moreland who was a terminal liver failure patient at all times mentioned herein.

120. she was forced to watch helplessly as agents of the State seized her assets, destroyed her home, carted off her vehicles, indifferently strewed her personal belongings into a dumpster, indifferently strewed her and her families persona and prized possessions and memorabilia in the yard.

121. Destroyed irreplaceable business, personal, and historical documents.

122. Rendered her home uninhabitable, unhealthy, and unsafe, and caused a state created danger to her.

## CAUSE OF ACTION
### INTENTIONAL INFLICTION OF MENTAL DISTRESS ON WILLIAM NIBLO

124. he combined actions of all Defendant's caused the intentional infliction of mental Distress upon William Niblo who is a senior citizen, disabled Veteran with Alzheimers who through the deliberate indifference of the specifically Defendant Mewis he has been rendered homeless, was forced to watch helplessly being prohibited by Defendant's John Doe Deputies 1-4 from intervening.

125. Defendant Mewis and Defendant's of the State seized his assets and dumped them into a trash dumpster,destroyed all of his records and documents,  halfway destroyed his home, carted off   and crushed his vehicles, indifferently strewed his and his families personal and prized possession and memorabilia in his front yard. Returned to the property and vindictively returned and filled in his sanitary tank with dirt to render his property permanently untenable.

## FOURTH CAUSE OF ACTION

# (CONSTITUTIONAL TORT)

126. The above paragraphs are here incorporated by reference.

The "authority of the Defendant's office" does not authorize the violation of the Plaintiff's Constitutional rights or legitimize their acts violative of those rights Art. 1 Sec. 29, Texas Bill of Rights . RPRPA §1.13. mandates that The public is entitled to governmental conformance with legislative will.

__Note_

Art 1. Sec. 29. of the Bill of Rights; Texas Constitution

> "Bill of Rights Exempted from powers of government and inviolate. "To guard against transgressions of the high Powers herein delegated, we declare that everything in this "Bill of Rights" is excepted out of the general powers of government, and shall forever remain inviolate, and all laws contrary thereto, or to the following provisions, shall be void".

__End note__

127. The combined actions of the the Defendant's acting under color of law Illegally and unconstitutionally deprived Anne Moreland and William Niblo of their Federal and Texas Constitutional rights. Under articles §4, 5, 6 and 12 of the Texas State Constitution.

128. The combined actions of all Defendant's deprived Anne Moreland and William Niblo of their rights to due process guaranteed under the 14th Amendment and Art. 1 Sec. 19 of the Texas Constitution

__Note_

> "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."

__End Note_

129.   Ms. Moreland, and Mr. Niblo were entitled under the Due Process Clause of the 5th and 14th Amendments,to all rights and benefits, protections and compliance with the procedures by the Defendants accorded by the Federal Constitution, the Texas State Constitution, The Texas Real property Rights preservation Act, SEC. 2007.042 (a) and the the Texas Nuisance Abatement Act.

__Note__

TAPNA Sec. 343.003.   EFFECT OF CHAPTER ON OTHER STATE LAW.
Makes clear that   "This chapter does not affect a right, remedy, or penalty under other state law."

This hearing although classified under the Texas Nuisance Abatement Act as a governmental action under section §2.11 does not prevent Plaintiff's from assertion of the Texas Real property Rights preservation Act and individually,

Ms. Moreland, and Mr. Niblo were entitled to all rights and benefits, protections and compliance by the Defendants accorded by The PRPRPA , the Texas Nuisance Abatement Act, as well as he Texas Transportation Article


PRPRPA   §1.11 and §1.13.. The Private Real Property Rights Preservation Act (Act or PRPRPA)   represents a basic Legislative created charter for the protection of private real property rights in Texas.(1) The Act represents the Texas legislature's acknowledgment of the importance of protecting private real property interests.
_End Note_


130. Ms. Moreland, and Mr. Niblo were entitled under the Due Process Clause of the 5th and 14th Amendments,to have a court of competent jurisdiction hear and decide their case.

131.   Ms. Moreland and Mr. Niblo individually had a constitutional right to be secure in their homes, person and possessions under the Fourth Amendment to the Federal Constitution. The fourth Amendment is applicable to the State's through the 14th Amendment Due process Clause. accord Texas Constitutional rights under Art. 1. Sec. 9

__Note_

Texas Constitution Article 1. Sec. 17 Bill of Rights Texas Constitution :Taking Property for Public Use;   (a) **No person's property shall be taken, damaged, or destroyed** for or applied to public use without adequate compensation being made, unless by the consent of such person, and only if the taking, damage, or destruction is for: (2)   **the elimination of urban blight on a Particular parcel of property**. (d) When a person's property is taken under Subsection(a) of this section, except for   the use of the State, compensation as described by Subsection (a) shall be first made, or secured by a deposit of money; and no irrevocable or uncontrollable grant of special privileges or imminities shall be made; but all Privileges and franchises granted by the Legislature, or created under its authority, shall be subject to the control thereof.

__End Note_

118.   Ms. Moreland and Mr. Niblo had a constitutional right to notice and hearing before the Defendant's acted against their interests

119.   Ms. Moreland and Mr. Niblo had the right under to a hearing to determine the legitimacy of the towing and impound of her vehicles by Defendant Associates

120. A damages remedy here is necessary to effectuate the purposes of §§ 5, 6 and 12 of the Maryland State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

_Note_

The Private Real Property Rights Preservation Act §1.11 and §1.13 of Texas Law, which represents a basic charter for the protection of private real property rights in Texas. The Act represents the Texas legislature's acknowledgment of the importance of protecting private real property interests.

_End Note_

## SECOND CAUSE OF ACTION
## (MUNICIPAL AND SUPERVISORY LIABILITY)

The above paragraphs are here incorporated by reference.

58. Defendant Waller County act as essentially under an authority unto itself.

59. To the Plaintiff's knowledge, information, and belief Waller County, the Commissioner's Court, and the Sheriff's Office have a longstanding history of Federal civil rights violations

60.   Defendant Waller County is aware that all of the aforementioned acts by its agents and employees has resulted in violations of citizens' constitutional rights.

61. Despite such notice, Waller County has failed to take corrective action.

62. There is to Plaintiff's knowledge and belief no established review Board to investigate or act upon citizen's complaints.

63. Repeated calls to Defendant Waller County and it's agents were never answered or returned and citizen complaints have gone unanswered and uncorrected.

__Note_

Plaintiff contacted the Waller County Sheriff's Office at 10:59 a.m. 11/26/2018 and advised that he was filing a criminal complaint against the Defendants and wanted them removed from the property. The Dispatcher stated she was aware of the situation, advised I would be contacted by Officer on scene (no call was ever returned). Dispatcher stated that the officer had told her "They have a court Order"

Contact with Defendant Duhon was blocked by his Clerks, contact with Defendant's Commissioners resulted in the statement that Brashear "didn't know how things worked in Waller County"

_End Note_

64. This failure and these policies caused the Defendant's Mathis, Dorsey, Mewis, Roberts, Associates, Sheriff, and John Doe Deputies to violate plaintiffs civil rights, without fear of reprisal.

65. Plaintiffs have been damaged as a result of the deliberate indifference of the Defendant Waller County and its agents Mathis, Dorsey, Mewis, Roberts, Associates, Sheriff, and John Doe Deputies to the constitutional rights of the Plaintiff Anne Moreland.

66. Defendant's Amsler, Kleckla, Barnett, and Beckindorff, had a supervisory duty to insure that Defendant's Mathis, Dorsey, Mewis, and Roberts, had excercised "due dilligence" and followed Texas State law regarding notice and service of these individual's before entering a flawed ruling allowing Mathis, Dorsey, Mewis, and Roberts to enter upon and indiscriminately seize and destroy the personal property of Plaintiff's Moreland and Niblo. .

67. Waller County is liable for the damages suffered by plaintiffs as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiffs' constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing, supervising, or training subordinates who caused the unlawful condition or event.

68. Defendant Waller County has been alerted to the regular use o f and false process by its agents and associates, but has nevertheless exhibited deliberate indifference to each action or course of actio; that deliberate indifference caused the violation of plaintiffs' constitutional rights in this case

## CAUSE OF ACTION: SUPERVISORY LIABILITY

121. The above paragraphs are here incorporated by reference.

122. Defendant's  ARTICLE 1. BILL OF RIGHTS; Texas Constitution Sec. 13. OPEN COURTS: All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

123. Defendant's Duhon, Amsler, Kleckla, Barnett, and Beckindorf are culpable and liable under Sec. 42 U.S.C. 1983 as Supervisor's of the County and it's operations.

124. Under their authority as each Defendant colluded to as cited in **Johnson v. Duffy,** 588 F. 2d 740 (9th Cir. 1978) "set in motion the series of acts by their agents or employees which the actor knows or reasonably should know would cause others to inflict the Constitutional injury.' Id. at 743-44.

125. After the initial action in January, Defendant's Commissioner's were requested to act to prevent the destruction of Mr. Niblo and Ms. Moreland's property, Defendant's refused claiming Brashear "wasn't aware of how things worked in Waller County"

126. Defendant's Duhan, Amsler, Kleckla, Barnett, and Beckindorf as County Supervisors are also liable for their inaction in the supervision, or control of his or her subordinates: including Defendant's Mathis, Dorsey, Mewis, and Smith, see **Larez v. City of Los Angeles**, 946 F. 2d 630, 646 (9th Cir. 1991) "knowingly refused to terminate a series of acts by others, which he knew or reasonably should have known would cause others to inflict the constitutional injury"and for his or her acquiescence in the Constitutional deprivation, **Slakan v. Porter** ", 737 F. 2d 368, 373 (4th Cir. 1984). Supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in constitutional injuries they inflict ": or for conduct that showed a callous indifference to the rights of others.

127. After the February Seizure Daniel Brashear notified Elizabeth Dorsey that her actions were constitutionally illegal and violative of Texas State law and were provided warning not to interfere with the property. Defendant Dorsey stated "Texas law allows me to it" and Brashear responded "the Federal Constitution doesn't"

128. After Ms. Moreland's death in March, All Defendant's (Smith, Dorsey, and Mewis) were specifically warned not to interfere with the Estate of Ms. Moreland or to seize, tamper with, or destroy any of her property which then belonged to the Estate.

129. Defendant's Duhan, Amsler, Kleckla, Barnett, and Beckindorff, had a supervisory duty to insure that Defendant's Mathis, Dorsey, Mewis, and Roberts, had followed Texas State law regarding notice and service of these individual's before

entering a flawed ruling allowing Mathis, Dorsey, Mewis, and Roberts to enter upon and indiscriminately seize and destroy the personal property of Plaintiff's Moreland and Niblo under a legal process they issued against another party.

130. Defendant's Duhan, Amsler, Kleckla, Barnett, and Beckindorff, had a supervisory duty to insure that Defendant's Mathis, Dorsey, Mewis, and Roberts, had excercised "due dilligence" and followed Texas State law regarding the intended abatement including meeting all statutory obligations.

instead of granting Defendant Mewis "virtually unlimited discretion" to destroy or seize property during the abatement that was not specifically detailed in the abatement order.

131. The Defendant's Amsler, Kleckla, Barnett, and Beckindorff, had a supervisory duty to insure that Defendant's Mathis, Dorsey, Mewis, and Roberts, had exercised "due diligence" and followed Texas State law regarding notice and service of these individual's

132. before entering a flawed ruling allowing Mathis, Dorsey, Mewis, and Roberts to enter upon and indiscriminately seize and destroy the personal property of Plaintiff's Moreland and Niblo. Effectively and negligently authorizing an action that imposed a physical invasion of the property of Anne Moreland and William Niblo 2007.003(a)(2) as a result

133. Defendant Mathis is liable under the theory of supervisory liability for knowingly refusing to terminate or advise his subordinate Elizabeth Dorsey to terminate the series of acts by others, which he knew or reasonably should have known would cause others to inflict the constitutional injury"and for his or her acquiescence in the Constitutional deprivation,  against Moreland and Niblo, see **Larez** supra

134. Defendant Smith is liable under the theory of supervisory liability for knowingly aiding and assisting and protecting Defendant's Mewis and John Doe Associates by providing Defendant's John Doe Deputies under color of state law to prevent Ms. Kingston, Ms. Moreland and Mr. Niblo from asserting their Constitutional and Statutory right to protect and prevent the seizure and destruction of their property, and failing to terminate the series of acts by others, which he knew or reasonably should have known would cause others (Defendant's Mewis and John Doe Associates) to inflict the constitutional injury"and for his or her acquiescence in the Constitutional deprivation, see **Larez** supra.

135. His officers and agents aided and abetted Defendant Mewis in "processing" the vehicles for destruction in violation of the Texas Transportation Code..

__Note _

Mewis had no authority to prevent Niblo from entering the property and if she had no jurisdiction certainly the police had no jurisdiction to act at her request.

_End Note_

137. Defendant Smith is also liable under 1983 supervisory liability for his failure to provide adequate training and supervision of Defendant's John Doe Deputies 1-4, when such failure of training and supervision caused Defendant(s) John Doe Deputies1-4 to acquiesce and assist (Defendant's Mewis and John Doe Associates) in the Constructional deprivation under color of State law.

And PRPRPA §1.13. mandates that The public is entitled to governmental conformance with legislative will.

## FIFTH CAUSE OF ACTION
## (NEGLIGENT HIRING & RETENTION)

69. The above paragraphs are here incorporated by reference.

70. Upon information and belief, defendant Defendant Waller County agents Mathis, Dorsey, Mewis, Roberts, Associates, Sheriff, and John Doe Deputies were incompetent and unfit for their positions.

71. Upon information and belief, defendant Waller County knew or should have known through exercise of reasonable diligence that the defendants were potentially incompetent.

72. Defendant Waller County's negligence in hiring and retaining defendants Mathis, Dorsey, Mewis, Roberts, Associates, Sheriff, and John Doe Deputies proximately caused plaintiff's injuries.

73. Because of the defendant Waller County's negligent hiring and retention of defendant(s) Mathis, Dorsey, Mewis, Roberts, Associates, Sheriff, and John Doe Deputies plaintiff incurred damages described above.

74. Defendant Waller County, through the Defendant's Mathis, Dorsey, Mewis, Roberts, Associates, Sheriff, and John Doe Deputies, owed a duty of care to plaintiff's to prevent the loss of liberty and mental abuse sustained by plaintiff.

75. Defendant Waller County, through it's agents and associates   owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated an injury to plaintiff or those in a position similar to plaintiff's as a result of this conduct.

## SIXTH CAUSE OF ACTION
## (RESPONDEAT SUPERIOR)

76. The above paragraphs are here incorporated by reference.

77. Defendants' Mathis, Dorsey, Mewis, Roberts, Associates, Sheriff, and John Doe Deputies intentional tortuous acts were undertaken within the scope of their employment by defendant Waller County and in furtherance of the defendant Waller County's interest.

78. As a result of defendants' Defendant Waller County and its agents Mathis, Dorsey, Mewis, Roberts, Associates, Sheriff, and John Doe Deputies tortuous conduct in the course of their employment and in furtherance of the business of defendant Waller County, Plaintiff was damaged.

79. All Defendant's are liable to Anne Moreland and William Niblo.

## SIXTH   CAUSE OF ACTION
## (NEGLIGENT FAILURE TO TRAIN)

80. The above paragraphs are here incorporated by reference.

**81.** Defendant Waller County, through Defendant Smith, owed a duty of care to plaintiff to prevent the loss of liberty and mental abuse sustained by plaintiff by allowing Defendant(s) John Doe Deputies to ignore a legitimite request for law enforcement assistance to curb the illegal actions of the Defendant, By Plaintiff's Niblo and Petitioner Brashear

**82.** Defendant's John Doe Deputy's refused to do so in violation of the 14th Amendment Equal Protection Clause.

## SEVENTH CAUSE OF ACTION

## (UNLAWFUL SEIZURE AND CONVERSION)

USCA 5 AND 14,   Art. XXI. Md. Decl. Rights

83. The above paragraphs are here incorporated by reference.

**99.** Defendant Associates took action under color of law by acting on behalf of Defendant's Waller County in refusing to release or grant lawful access to the property of Anne Moreland in accord with the law, until approved by Defendant's while accumulating personal financial benefit from the illegal holding and conversion.

__Note_

**Defendant's Associates are liable under the accomplice liability theory in that Sec. 2308.255.** (e)  holds them as agents :

E. When a tow truck is used for a **nonconsent tow authorized by a peace officer under Section 545.3051, Transportation Code, the operator of the tow truck and the towing company are agents of the law enforcement agency and are subject to Section 545.3051(e), Transportation Code.**

_End note__

**100.** Defendant Misty and James Lauder contractually affiliated with Defendant's Waller County and Defendant Associates tortuous conduct of conversion of the private property of Anne Moreland was in furtherance of their own financial interests and undertaken under the color and authority of the interests of Defendant's Waller County.

**101.** Defendant Associates assert they have the right to recover towing and storage fees, and the right under Texas law to dispose of the vehicle under color of the authority of Defendant Waller County.

**102.** Defendant(s) Associates still retain illegal possession of the vehicles,and has sought possessory title to the vehicle from Co-defendants Waller County.

__Note_

DJ Martinez and observed Defendant's Associates forcefully dragging the vehicles off the property, and observed an Unknown Associate Defendant cut Ms. Moreland's locks off Ms. Moreland's truck immediately after it had been removed from the Property

## Pursuant to Sec. 2308.404. Civil Liability of Towing Company, Booting Company, or Parking Facility Owner for Violation of Chapter.

(a) A towing company, booting company, or parking facility owner who violates this chapter is liable to the owner or operator of the vehicle that is the subject of the violation for:

(1) damages arising from the removal, storage, or booting of the vehicle; and

(2) towing, storage, or booting fees assessed in connection with the vehicle's removal, storage, or booting.

(b) A vehicle's owner or operator is not required to prove negligence of a parking facility owner, towing company, or booting company to recover under Subsection (a).

(c) A towing company, booting company, or parking facility owner who intentionally, knowingly, or recklessly violates this chapter is liable to the owner or operator of the vehicle that is the subject of the violation for $1,000 plus three times the amount of fees assessed in the vehicle's removal, towing, storage, or booting.

__End Note_

103. William Niblo had his home he was living in on the property at Marti Lane.

104. Mr. Niblo was entitled to personal notice as to the exactly what conditions existed that made his home "a public nuisance"

_Note_

Mr. Niblo's trailer did not meet the standard of a public nuisance in any case, was not structurally unsafe, did not constitutes a hazard to safety, health or public welfare because of inadequate maintenance, was not in an unsanitary condition, was not dilapidated, obsolete, a fire hazard, or abandoned. Nor did the Defendant's provide any documentation stating the trailer was a hazard.

In any case, there was never a valid order for either William Niblo's eviction from his home, or an Order for the Demolition of the building. (or any other building on the premises)

_End Note_

## CAUSE OF ACTION

## INTENTIONAL TAKING AND UNLAWFUL CONVERSION OF ILLEGALLY OBTAINED ASSETS OF WILLIAM NIBLO, ANNE MORELAND'S AND THE ESTATE OF ANNE MORELAND

138. Defendant Mewis and Roberts seized several vehicles belonging to Anne Moreland Including her $350.000 tractor and trailer (containing several hundred

thousand dollars of diverse property items belonging to Ms. Moreland stored therein) her Chevy Suburban SUV and , two of her mobile homes,

139. Defendant Mewis further transferred numerous vehicle to Defendant Associate for crushing in violation of the Texas Transportation Code ch. 683

__Note_

Defendant's suggest they were authorized to remove the vehicles as being "abandoned". Texas APNA Sec. 343.011 (c)   A public nuisance is: (2) keeping, storing,, *abandoned vehicles,* within 300 feet of a public street for 10 days or more,

An Abandoned "Nuisance Vehicle"   is defined in Occupations Code Sub Chapter A. Sec. 2303.002 Definitions   (1) "Abandoned nuisance vehicle" means a motor vehicle that is: (A) at least 10 years old; and (B) of a condition **only to be demolished, wrecked, or dismantled.. accord Texas Transportation Code Sec. 683.001 (D)(9) :** Texas Transportation code at 683.002 an "abandoned motor vehicle"   is "inoperable, is more than five years old, and has been left unattended on public property for more than 48 hours"

_End Note_

Defendant's John Doe Deputies had been on the property before and checked the identification numbers on the vehicles, and all defendants were fully aware that the

__End Note_

140. Defendant's then illegally transferred custody of these vehicles to Defendant's John Doe Affiliates " for "disposal" although at the time they were the private property of Anne Moreland and upon her passing, legally the property of the Estate of Anne Moreland.

141. Mewis's actions were a clear violation of Ms. Moreland's Fourth Amendment and Texas Constitutional rights under Art. 1. Sec. 9

*The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation.*

142. A conversion of personal property occurs upon the unauthorized and wrongful assumption and exercise of Dominion and control over the personal properly of another, to the exclusion of, or inconsistent with the owner's rights see **Pipes V. Hemingway** 358 S.W.3rd 438-449-450 (Tex App.-Dallas 2012 no pet.)

143. Ms. Moreland owned, had legal possession of, and was entitled to the possession of all her property located at Marti Lane. Defendant Mewis and Defendant's Associates assumed and exercised dominion and control over the property in an unlawful and unauthorized manner under color of State law to the exclusion of and inconsistent with Ms. Moreland's right to the possession of the property.

144. Ms. Moreland made a demand for the property, and Defendant's refused to to return the property **Apple Imports Inc. V. Koole** 945 S.W.2D 757, 760 (Tx. App.--El Paso 1993, no writ)

147. Further Defendant's Mewis and Defendant's Associates committed theft under the Texas Penal Code S$31.03-07 by "**unlawfully appropriating property** with the intent to derive the owner of the property "without the Owners effective consent" at 31.01(4) "a person acts with intent "when it is his conscious desire to engage in the conduct or cause the result"

148. Defendant's Mewis and Associates fully intended to deprive Ms. Moreland and Mr. Niblo of their property without their consent, and without legal authority to do so.

## CAUSE  OF ACTION
## OFFICIAL OPPRESSION/ABUSE OF DISCRETION

149. To legally justify her actions Defendant Mewis was required to act in accordance with the procedures consistent with Sub. Ch. C, Sec. 343.021.(a)

__Note__

Sub. Ch. C, Sec. 343.021.(a)   AUTHORITY TO ABATE NUISANCE.

  (a)   **If a county adopts abatement procedures that are consistent with the general purpose of this chapter and that conform to this chapter,** the county may abate a nuisance under this chapter:

1)   by demolition or removal, except as provided by Subsection (b);

2)   in the case of a nuisance under Section 343.011(c)(1), (9), or (10), by prohibiting or controlling access to the premises;

4)   in the case of a nuisance under Section 343.011(c)(12), by removal, remediation, storage, transportation, disposal, or other means of waste management authorized under Chapter 361.

__End Note__

Defendant's Mewis and Roberts had several options to "abate" the alleged nuisance under the "Nuisance abatement Law"   by **removal, repair, rehabilitation,**

or demolition; **remediation,** storage, transportation, disposal, or other means of waste management authorized by Chapter 361. However:

The PRPRPA mandates the governmental entity must **describe reasonable alternative actions to the proposed governmental action that could accomplish the specified purpose and compare and evaluate the alternatives.**

Further: The Defendant's were also required to evaluate the "takings" implication of each reasonable alternative to the proposed action pursuant to the applicable provisions of these Guidelines.

__End Note__

150. Defendant Mewis deliberately chose the most destructive option as opposed to more reasonable options to accomplish the specified purposes, and di so after a challenge was made to her authority to act at all.

151. This policy violated Moreland and Niblo's rights under Art. 1. Sec. 19. Bill of Rights; Texas Constitution.

CAUSE OF ACTION
**DELIBERATE AND INTENTIONAL INFLICTION OF MENTAL DISTRESS AND PAIN AND SUFFERING ON ANNE MORELAND**

152. The combined actions of all Defendant's caused the intentional infliction of mental Distress upon Anne Moreland who was a terminal liver failure patient at all times mentioned herein, she was forced to watch helplessly as agents of the State seized her assets. destroyed her home, carted off her vehicles, indifferently strewed her personal and prized possession and memorabilia in her front yard.

153. Defendant's Mewis by her extreme and outrageous conduct and abuse of power under color of State law intentionally and recklessly caused severe emotional stress and physically contributed to the Death of Anne Moreland. As a direct result of Defendant Mewis's actions against her. Ms. Moreland suffered brooding over her physical and economic loss, was unable to sleep, suffered severe depression, and these acts caused her condition to worsen, hastening Anne Moreland's death.

154. The combined actions of all Defendant's caused the intentional infliction of mental Distress upon William Niblo who is a senior citizen, a disabled Veteran

on a fixed income, suffers with Alzheimers, depression, and was unable to care for himself

155. Plaintiff Niblo was forced to watch helplessly being prohibited by Defendant's John Doe Deputies 1-4 from intervening, as Defendant Mewis and Defendant's of the State seized his assets and dumped them into a trash dumpster, halfway destroyed his home, carted off his vehicles, indifferently strewed his and his families personal and prized possession and memorabilia in his front yard.

156. Returned to the property and vindictively returned and filled in his sanitary tank with dirt to render his property permanently untenable.

**157.** The deliberate destruction of his home removed William Niblo's support network and subjected him and his family to exposure to the elements      .

## DAMAGES

158. During all of the events above described, Defendant's acted maliciously and with intent to injure plaintiff's Moreland, Niblo, and Martinez.

159. As a direct and proximate result of the acts of defendants plaintiff suffered the following injuries and damages:

160. Violation of their rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their person by John Doe Police Officers;

150. Violation of their Maryland Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

151. Numerous and repeated Violation of her right to Due Process of Law under the Fourteenth Amendments to the United Stated Constitution and the Texas State Constitutional by all Defendants.

152. Physical pain and suffering by the intentional deprivation of her medication

153. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A.   That Plaintiff's be allowed to freely amend this Action.

B.   Judgement In favor of plaintiffs in an amount to be determined by a jury for each of plaintiff's causes of action;

C. Awarding plaintiffs punitive damages in an amount to be determined by a jury against each Defendant individually and collectively;

D. Award Plaintiff compensatory damages in the amount to be determined by a jury against each Defendant individually and collectively

E.   Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

F.   Granting such other and further relief as this Court deems just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues tryable by jury.

Respectfully

# **Daniel TBrashear**

Daniel Brashear o/b/o/

The Estate Of Anne Moreland

And on behalf of William Niblo

3602 Osborne Court

Waldorf, Md. 20602

Veteransassistance@yahoo.com

(240) 254-7296

**CERTIFICATE OF SERVICE**

I Daniel Brashear hereby certify that I served by U.S.Mail, Postage pre-paid a copy of the foregoing action by Mailing to **Carbett J. Duhon III** 836 Austin Street Suite 203, Hempstead, TX 77445: John A. Amsler 836 Austin; Suite 203 Hempstead,

TX 77445:    Walter E. Smith 836 Austin; Suite 203 Hempstead, TX 77445: Jeron Barnett PO Box 2846 Prairie View, TX 77445 :Justin Beckendorff P.O. Box 7, Pattison, TX 77466:    Elton Mathis 645 12th st, Hempstead, TX 77466.: **Elizabeth Dorsey** 645 12th Street, Hempstead, TX 77445 :**Tonya Mewis** 775 Bus 290 East, Hempstead, TX 77445 :**Glenn T. Smith**, 701 Calvit St. Hempstead, TX. 77445 : **James and Misty Lauder** 40793 Farm To Market Rd 1488, Hempstead, TX **77445**

and the Clerk of the United States District Court for the District of Texas this 1st day of March 2019

Respectfully

# **Daniel TBrashear**

Daniel Brashear o/b/o/

The Estate Of Anne Moreland

And on behalf of William Niblo

3602 Osborne Court

Waldorf, Md. 20602
Veteransassistance@yahoo.com

(240) 254-7296