IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESTATE OF ANNE MORELAND, and WILLIAM NIBLO, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-1100 |
| WALLER COUNTY, TEXAS, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

According to the complaint, Plaintiffs are the Estate of Anne Moreland and William Niblo, a military veteran who suffers from dementia.[1] The complaint explains that this action "is being pursued on Behalf of Ms. Moreland's Estate by Daniel Brashear as administrator and next friend on behalf of Mr. Niblo as the Director of the Veteran's Assistance Project."[2]

On July 2, 2019, the court ordered Daniel Brashear to provide proof that he is admitted to practice law in either the State of Texas or this district court within two weeks. Alternatively, Plaintiffs were given two weeks to secure counsel. Brashear has not shown proof that he is admitted to practice law in any state, and Plaintiffs have not hired counsel as ordered.[3]

---

[1]   See Doc. 1, Compl. p. 3.

[2]   See id.

[3]   Brashear also purports to represent individuals in another action filed in this district. See, Kingston, et al. v. Maryland Department of Health and Human Services, 4:19-cv-1088, S.D. Texas.

Brashear, as a non-lawyer, may not represent the interests of another in federal court. See Gonzales v. Wyatt, 157 F.3d 1016, 1021 (5th Cir. 1998)(collecting cases). The Estate of Anne Moreland and William Niblo require counsel to represent their interests in this action. The court cannot permit Brashear to engage in the unauthorized practice of law by his continued pursuit of this action on behalf of Plaintiffs.

It is **RECOMMENDED** that this action be **DISMISSED** without prejudice.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 24th day of July, 2019.

Nancy K. Johnson
United States Magistrate Judge